# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES ex rel. CLIFTON JOHNSON, (#R30286), | )<br>)<br>) |
| Petitioner, | )<br>) Case No. 10 C 1525 |
| v. | )<br>) |
| DONALD GAETZ, Warden, Menard Correctional Center, | )<br>)<br>) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is Petitioner Clifton Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1). For the following reasons, the Court denies Johnson's habeas petition.

## BACKGROUND

Johnson does not present clear and convincing evidence challenging the statement of facts set forth in the Illinois Appellate Court's opinions, and thus the Court presumes those facts are correct for purposes of its habeas review. *See* 28 U.S.C. § 2254(e)(1); *Rever v. Acevedo,* 590 F.3d 533, 537 (7th Cir. 2010). The Court therefore adopts the underlying facts as set forth by the Illinois Appellate Court in *People v. Johnson,* No. 1-04-1948 (Ill.App.Ct. 2006) (unpublished), and *People v. Johnson*, 1-07-0885 (Ill.App.Ct. 2008) (unpublished).

### I.      Factual Background

On December 25, 1998, Robinson Ellis and his fiancee, who lived in Chicago, Illinois, were preparing to have a party. At trial, a witness testified that Ellis left his home at

approximately 10:45 p.m. to buy more party supplies after which Ellis met Torey Rainey outside. Rainey testified at trial that he and Ellis saw Johnson along with four other people, including Jason Smith, across the street. Rainey further testified that Ellis called out to the group "Who is that?" to see whether they were coming to the party. Johnson then spoke with one of the women in the group and crossed the street with Smith. Johnson and Smith then approached Ellis and Rainey and Johnson said, "What the fuck did you all say?" Rainey responded, "No one said anything to you at all. We thought you all were coming to the party, so it was a misunderstanding."

Subsequently, Johnson asked Ellis, "What's that you're drinking on?" to which Ellis responded "None of your fucking business." As Ellis turned away, Johnson jumped in front of him, pulled out a gun, pointed it directly at Ellis' head, and pulled the trigger, but the gun did not go off. Thereafter, Ellis threw his drink in Johnson's face and then grabbed Johnson to wrestle the gun away from him. Both Ellis and Johnson threw punches. During the altercation, the gun fired, but the two continued to wrestle. Rainey testified that he saw the gun in Johnson's hand. Rainey further testified that he heard two more shots and saw Ellis break away, run home, and collapse on the porch. As a result, Ellis died.

After the police arrested Johnson, they made a videotape of his statement, which was shown at trial. In his statement, Johnson admitted that he consumed alcohol and smoked marijuana at his home immediately prior to the altercation. He also admitted that he and Smith crossed the street because he thought that Rainey and Ellis were disrespecting them. He claimed that he fired the gun because he was afraid that if Ellis took the gun from him, Ellis would shoot him.

## II.    Procedural Background

In March 2004, at the conclusion of Johnson's bench trial, the Circuit Court of Cook County convicted Johnson of one count of first degree murder and sentenced him to a term of thirty years in the Illinois Department of Corrections. Johnson appealed to the Illinois Appellate Court arguing that his conviction for first degree murder should be reduced to second degree murder because he acted under adequate provocation resulting from mutual combat. On February 24, 2006, the Illinois Appellate Court affirmed Johnson's conviction. Johnson filed a petition for leave to appeal ("PLA") in the Supreme Court of Illinois raising the same claim. On September 27, 2006, the Supreme Court of Illinois denied Johnson's PLA. Johnson did not file a petition for a writ of certiorari in the United States Supreme Court.

On January 4, 2007, Johnson filed a pro se petition under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq*., raising three claims: (1) his trial counsel provided ineffective assistance of counsel for (a) failing to discover on pretrial investigation that Johnson was dyslexic, and (b) failing to move to suppress Johnson's videotaped statement on the ground that his dyslexia rendered his *Miranda* waiver unknowing or involuntary; (2) his appellate counsel provided ineffective assistance of counsel for failing to raise the issue of trial counsel's ineffectiveness on direct appeal; and (3) he is actually innocent of first degree murder.

The Circuit Court of Cook County dismissed Johnson's post-conviction petition as frivolous and patently without merit on March 9, 2007. Johnson appealed arguing that the post-conviction trial court erred in dismissing his claim that his defense counsel was constitutionally ineffective for failing to move to suppress his statement on the ground that he is dyslexic. On November 6, 2008, the Illinois Appellate Court affirmed the trial court concluding that

Johnson's failure to attach the necessary documentation to support his allegation that he is dyslexic justified the post-conviction trial court's summary dismissal. Johnson filed a petition for rehearing that the Illinois Appellate Court denied on December 4, 2008. Johnson then filed a PLA arguing that the trial and appellate courts erred by dismissing his claim that counsel provided ineffective assistance of counsel for failing to move to suppress his confession based on his dyslexia. On March 25, 2009, the Supreme Court of Illinois denied Johnson's post-conviction PLA.

### III. Habeas Petition

On March 8, 2010, Johnson filed the present pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1). Construing his pro se allegations liberally, *see McGee v. Bartow,* 593 F.3d 556, 565-66 (7th Cir. 2010), Johnson's habeas claims include: (1) his conviction for first degree murder should be reduced to second degree murder; (2) appellate counsel on direct appeal provided ineffective assistance of counsel for failing to argue that trial counsel was ineffective; (3) he is actually innocent of first degree murder; (4) trial counsel provided ineffective assistance of counsel for: (a) failing to move to suppress evidence; (b) failing to move to quash petitioner's arrest; (c) failing to investigate; and (d) failing to file pretrial motions; and (5) the Illinois courts erroneously dismissed his post-conviction petition.

## LEGAL STANDARDS

### I. Habeas Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief cannot be granted unless the state court's decision was contrary to, or an unreasonable application of federal law clearly established by the Supreme Court. *See Williams v. Taylor,* 529

4

U.S. 362, 402-03, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Brown v. Finnan,* 598 F.3d 416, 421 (7th Cir. 2010). In *Williams*, the Supreme Court explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 405; *see also Brown,* 598 F.3d at 421-22.

Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *See Williams,* 529 U.S. at 407; *Brown,* 598 F.3d at 422. "A state court's decision is 'unreasonable' within the meaning of § 2254(d)(1) only if it is 'so erroneous as to be objectively unreasonable.'" *Bennett v. Gaetz,* 592 F.3d 786, 790 (7th Cir. 2010) (citation omitted); *see also Williams*, 529 U.S. at 410 ("***unreasonable*** application of federal law is different from an ***incorrect*** application of federal law") (emphasis in original). To be considered objectively unreasonable, a state court's decision must be "well outside the boundaries of permissible differences of opinion." *Bennett,* 592 F.3d at 790 (citation omitted). Put differently, to be reasonable, a state court's decision must be "at least minimally consistent with the facts and circumstances" of the case. *Williams v. Thurmer,* 561 F.3d 740, 746 (7th Cir. 2009); *Simpson v. Battaglia,* 458 F.3d 585, 592 (7th Cir. 2006).

II. **Exhaustion and Procedural Default**

Before bringing a habeas claim in federal court, a petitioner must exhaust all remedies available to him in state court. *See Gonzales v. Mize,* 565 F.3d 373, 380 (7th Cir. 2009); 28 U.S.C. § 2254(b)(1)(A). In particular, a habeas petitioner must fully and fairly present his

5

federal claims to the state courts before he files his federal habeas petition. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Sturgeon v. Chandler,* 552 F.3d 604, 610 (7th Cir. 2009). "A procedural default occurs where a habeas petitioner 'has exhausted his state court remedies without properly asserting his federal claim at each level of state court review.'" *Crockett v. Hulick,* 542 F.3d 1183, 1192 (7th Cir. 2008) (citation omitted).

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the Court's failure to consider the claim would result in a fundamental miscarriage of justice. *See House v. Bell,* 547 U.S. 518, 536, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006); *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). The Supreme Court defines cause sufficient to excuse procedural default as "some objective factor external to the defense" which prevents a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier,* 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). A fundamental miscarriage of justice occurs when a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496.

## ANALYSIS

**I.** **Sufficiency of the Evidence Claim**

In his first habeas claim, Johnson maintains that his conviction should be reduced from first degree murder to the lesser included offense of second degree murder because trial evidence demonstrated that he acted under adequate provocation resulting from mutual combat. *See* 720 ILCS 5/9-2(a). At first blush, Johnson's claim appears to fall under the clearly established Supreme Court law set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560

6

(1979). Specifically, *Jackson* holds that a petitioner's Fifth and Fourteenth Amendment due process rights are satisfied if – when viewing the evidence in the light most favorable to the prosecution – "***any*** rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis in original).

Johnson's claim, however, falls outside of *Jackson* because Johnson argues that he presented sufficient evidence to prove one of the mitigating factors under 720 ILCS 5/9-2(a). *See People v. Blackwell,* 171 Ill.2d 338, 357, 216 Ill.Dec. 524, 665 N.E.2d 782 (Ill. 1996). To clarify, "[u]nder Illinois law, once the state has proven first degree murder, a defendant may have the offense reduced to second degree murder if he demonstrates a mitigating factor by a preponderance of the evidence, including that he believed, albeit mistakenly, that the killing was justified by self-defense." *Garrett v. Acevedo,* 608 F.Supp.2d 1005, 1016-17 (N.D. Ill. 2009). As such, pursuant to Illinois law, the mitigating factor is not an element of first degree murder that the State must prove – instead – the defendant has the burden of proving the mitigating factor by a preponderance of the evidence. *See id.*; *see also Blackwell,* 171 Ill.2d at 357. Because due process does not require the State to "disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused," *see Patterson v. New York,* 432 U.S. 197, 210, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), Johnson's first habeas claim is not cognizable on habeas review. *See Huusko v. Jenkins,* 556 F.3d 633, 637 (7th Cir. 2009) ("a federal court cannot issue a writ of habeas corpus that rests on a belief that a state court has misunderstood or misapplied state law."). Therefore, the Court denies Johnson's first habeas claim.

II.     **Ineffective Assistance of Counsel Claims**

In his second and fourth habeas claims, Johnson argues that his trial and appellate counsel were constitutionally ineffective. In particular, Johnson maintains that his trial counsel failed to conduct any pre-trial investigations and that if counsel had conducted an investigation, he would have discovered that Johnson is dyslexic. Johnson also contends that his trial counsel was ineffective for failing to move to suppress his videotaped statement and to quash his arrest. In addition, Johnson contends that his trial counsel failed to file pretrial motions. Moreover, Johnson argues that his appellate counsel was constitutionally ineffective because counsel failed to address the issue of Johnson's ineffective assistance of trial counsel on direct appeal.

The Illinois Appellate Court rejected Johnson's ineffective assistance of counsel claims in his post-conviction petition because Johnson failed to provide the Illinois courts with any affidavits or other evidence supporting his allegations, including that he was dyslexic, as required by the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-2. *See Davis v. Lambert,* 388 F.3d 1052, 1060 (7th Cir. 2004) ("Under the Illinois Post-Conviction Hearing Act, a petitioner must attach to his initial post-conviction petition 'affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached.'"). The Illinois Appellate Court's conclusion that Johnson failed to provide evidentiary support or any explanation of why evidentiary support was not attached as required under the Illinois Post-Conviction Hearing Act is an independent and adequate state ground because the Illinois Appellate Court relied on the lack of evidentiary materials in disposing of Johnson's ineffective assistance of counsel claims. *See Hampton v. Leibach,* 347 F.3d 219, 242 (7th Cir. 2003).

Because the Illinois courts relied upon an independent and adequate state law ground to dismiss Johnson's ineffective assistance of counsel claims, these claims are procedurally

defaulted, and thus the Court cannot address the merits of these claims. *See Smith v. McKee,* 598 F.3d 374, 382 (7th Cir. 2010); *Gray v. Hardy,* 598 F.3d 324, 327-38 (7th Cir. 2010). "Procedural default may be excused, however, if the petitioner can show both cause for and prejudice from the default, or show that the district court's failure to consider the claim would result in a fundamental miscarriage of justice." *Gray,* 598 F.3d at 328. Johnson maintains that he is actually innocent, and thus arguing that the Court can review the merits of his procedurally defaulted claims based on the fundamental miscarriage of justice exception.

Claims of actual innocence are not cognizable as stand-alone claims on federal habeas review. *See Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).[1] Instead, actual innocence relates to the "fundamental miscarriage of justice exception" providing a gateway for the Court to review the merits of Johnson's procedurally defaulted claims. *See id.* at 404; *Milone v. Camp,* 22 F.3d 693, 699 (7th Cir. 1994) ("A claim of actual innocence is relevant to determining whether a habeas corpus petition may be brought before a federal tribunal at all; it is not ordinarily cognizable in determining whether the writ should issue."). To establish actual innocence, a petitioner must support his allegations "with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Woods v. Schwartz,* 589 F.3d 368, 377 (7th Cir. 2009). The Court then must consider all of the evidence "old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that

---

[1] On the other hand, Illinois courts recognize actual innocence claims as free standing claims based on the Illinois Constitution. *See People v. Washington,* 171 Ill.2d 475, 489, 216 Ill.Dec. 773, 665 N.E.2d 1330 (Ill. 1996).

would govern at trial," to determine if "it was more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House,* 547 U.S. at 537 (internal quotations omitted); *see also Schlup,* 513 U.S. at 327. "To demonstrate innocence so convincingly that no reasonable jury could convict, a prisoner must have documentary, biological (DNA), or other powerful evidence: perhaps some non-relative who placed him out of the city, with credit card slips, photographs, and phone logs to back up the claim." *Hayes v. Battaglia,* 403 F.3d 935, 938 (7th Cir. 2005). Because this type of evidence is unavailable in the vast majority of cases, actual innocence claims are rarely successful. *See Schlup,* 513 U.S. at 324; *see, e.g., Smith v. McKee,* 598 F.3d 374, 387-88 (7th Cir. 2010).

Here, Johnson has not provided the Court with any "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Instead, Johnson argues that he is actually innocent because trial evidence demonstrated that he acted under adequate provocation resulting from mutual combat, and thus he was not guilty of first degree murder. Because Johnson relies on evidence already presented at trial, his claim of actual innocence fails. *See id*.; *see also House,* 547 U.S. at 537. Therefore, Johnson has not established the fundamental miscarriage of justice exception to his procedural default, and thus the Court cannot reach the merits of his procedurally defaulted ineffective assistance of counsel claims. *See Williams v. Buss,* 538 F.3d 683, 686 (7th Cir. 2008) ("an unexcused procedural default ends the case."). The Court denies Johnson's ineffective assistance of counsel claims, as well as his stand alone actual innocence claim.

### III. Claim That Illinois Courts Erroneously Dismissed Post-Conviction Petition

Finally, Johnson maintains that the Illinois courts erroneously dismissed his post-conviction petition and appeal because he stated a gist of a constitutional claim that his trial counsel provided constitutionally ineffective assistance of counsel. To clarify, under the first stage of proceedings pursuant to the Illinois Post-Conviction Hearing Act, a petitioner must state a gist of a constitutional claim or the trial court will summarily dismiss the post-conviction petition. *See Davis*, 388 F.3d at 1060; *see also* 725 ILCS 5/122-2. Whether the Illinois courts misapplied the state law standard under 725 ILCS 5/122-2 is not a cognizable claim on federal habeas review. *See Estelle v. McGuire,* 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). In other words, the Court cannot collaterally review the Illinois courts' application of an Illinois statute. *See Johnson v. Acevedo,* 572 F.3d 398, 402 (7th Cir. 2009) ("A violation of state law is not the basis for federal collateral relief"). Therefore, the Court denies Johnson's last habeas claim.

## CONCLUSION

For these reasons, the Court denies Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d)(1).

Dated: May 24, 2010

                                           **ENTERED:**

                                           */s/ Amy J. St. Eve*
                                           **AMY J. ST. EVE**
                                           **United States District Judge**